IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

TYLAN LUCAS,                          :
                                      :
        Petitioner                    :   CIVIL NO. 3:CV-15-1179
                                      :
   v.                                 :   (Judge Conaboy)
                                      :
WARDEN EBBERT,                        :
                                      :
        Respondent                    :

FILED SCRANTON
JUN 2 4 2015
PER _____
DEPUTY CLERK

## MEMORANDUM
### Background

This pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 was filed by Tylan Lucas, an inmate presently confined at the United States Penitentiary, Lewisburg, Pennsylvania (USP-Lewisburg). Named as Respondent is USP-Lewisburg Warden Ebbert. Petitioner has also filed an in forma pauperis application which will be granted for the sole purpose of the filing of this matter with this Court.

While serving a sentence for possession of a controlled substance and felonious assault during October, 2003, Lucas escaped from the custody of the Nebraska Department of Correctional Services. See United States v. Lucas, 499 F.3d 769, 772 (8th Cir. Aug. 23, 2007), cert. denied 128 S. Ct. 1702 (2008). Following his recapture, Petitioner was convicted on January 10, 2005 of attempted obstruction of justice, possession with intent to distribute crack cocaine, conspiracy to

1

distribute crack, possession of a firearm in furtherance of a drug trafficking conspiracy, and being a felon in possession of a weapon following a jury trial in the United States District Court for the District of Nebraska. He was thereafter sentenced to an aggregate 295 month term of imprisonment.[1]

Petitioner's conviction and sentence was reversed and remanded on direct appeal. See United States v. Lucas, 451 F.3d 492 (8th Cir. 2006). The Eighth Circuit Court of Appeals found that Petitioner was not taken into custody pursuant to a valid arrest warrant because the Nebraska Corrections Director who signed the arrest warrant was not a neutral and detached magistrate. However, following a rehearing en banc that decision was vacated and Petitioner's conviction and sentence were affirmed. See Lucas, 499 F.3d 769.

Petitioner acknowledges that he next filed a request for relief under 28 U.S.C. § 2255. After his multiple claims were addressed on their merits, the trial court denied relief. See United States v. Lucas, 2009 WL 914246 *2-3 (D. Neb. March 23, 2009). The Eighth Circuit Court of Appeals denied Lucas' requests for issuance of a certificate of appealability.

Lucas also previously filed a petition pursuant to 28 U.S.C. § 2241 in the United States District Court for the

---

[1] Petitioner's sentence was enhanced pursuant to the provisions of 21 U.S.C. § 851.

2

Eastern District of Kentucky which was denied as § 2241 "is not an available mechanism to pursue his claims." Lucas v. Berkebile, 2012 WL 2342888 * 2 (E.D. Ky. June 19, 2012)

In his pending Petition and supporting memorandum, Lucas asserts that he is entitled to federal habeas corpus relief on the grounds that the district court failed to adjudicate his claims of ineffective assistance of counsel on the merits.[2] Based upon the nature of Petitioner's allegations his action will be construed as challenging the legality of his federal conviction and sentence.

## Discussion

### Standard of Review

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 ("Preliminary Review") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (2004). See, e.g., Mutope v. Pennsylvania Board of Probation and Parole, 2007 WL 846559 *2 (M.D. Pa. March 19, 2007)(Kosik, J.). The provisions of Rule 4 are applicable to § 2241 petitions under Rule 1(b)). See, e.g., Patton v. Fenton, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979).

---

[2] It appears that Petitioner is claiming that counsel was ineffective for failing to object to the introduction of evidence, request a limiting jury instruction, perform a required colloquy, and object to his sentencing enhancement

3

Rule 4 provides in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." A petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where. . . the necessary facts can be determined from the petition itself. . . ." Gorko v. Holt, 2005 WL 1138479 *1(M.D. Pa. May 13, 2005)(McClure, J.)(quoting Allen v. Perini, 424 F.2d 134, 141 (6th Cir. 1970).

Habeas corpus review under § 2241 "allows a federal prisoner to challenge the 'execution' of his sentence." Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 241 (3d Cir. 2005). A habeas corpus petition may be brought by a prisoner who seeks to challenge either the fact or duration of his confinement in prison. Preiser v. Rodriguez, 411 U.S. 475 (1973), Telford v. Hepting, 980 F.2d 745, 748 (3d Cir.), cert. denied, 510 U.S. 920 (1993). Federal habeas relief is available only "where the deprivation of rights is such that it necessarily impacts the fact or length of detention." Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002).

When challenging the validity of a federal sentence, and not the execution of his sentence, a federal prisoner is generally limited to seeking relief by way of a motion pursuant

4

to § 2255. In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997); Russell v. Martinez, No. 08-3898, 2009 WL 1154194, at *2 (3d Cir. Apr. 30, 2009)("a section 2255 motion filed in the sentencing court is the presumptive means for a federal prisoner to challenge the validity of a conviction or sentence")  A challenge can only be brought under § 2241 if "it . . . appears that the remedy by [a § 2255] motion is inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255(e).  This language in § 2255, known as the safety-valve clause, must be strictly construed. Dorsainvil, 119 F.3d at 251; Russell, 2009 WL 1154194, at *2 (the safety valve "is extremely narrow and has been held to apply in unusual situations, such as those in which a prisoner has had no prior opportunity to challenge his conviction for a crime later deemed to be non-criminal by an intervening change in the law").

"It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." Cradle v. United States, 290 F.3d 536, 538 (3d Cir. 2002).  "Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." Id. at 539. See also, Alexander v. Williamson, 324 Fed Appx. 149, 151 (3d Cir. Apr. 16, 2009).

Petitioner is clearly challenging the validity of his conviction and sentence which was imposed by the District of Nebraska. Thus, he must do so by following the requirements of § 2255. Petitioner indicates that his pending arguments were included in his unsuccessful § 2255 proceeding but were not properly addressed by the district court. The fact that Lucas was not satisfied with the review of his § 2255 claims does not render the § 2255 process "inadequate or ineffective" or make his pending claims cognizable in a § 2241 action.[3]

Furthermore, Petitioner's pending arguments are not based upon a contention that his conduct is no longer criminal as a result of some change in the law made retroactive to cases on collateral review. Lucas has also not shown that he was unable to present his claims in a § 2255 proceeding or that they are based upon any newly discovered evidence.

As recognized in Pollard v. Yost, No. 07-235, 2008 WL 4933599, at *6 (W.D. Pa. Nov. 18, 2008), for a challenge to a federal conviction to be presented by a federal inmate by way of a § 2241 petition, there must not only be "a claim of actual innocence but a claim of actual innocence coupled with the inability to have brought the claim before because of a change in the construction of the criminal statute by a court having the

---

[3] It is also noted that some of Lucas' pending arguments were included in his prior § 2241 which was dismissed by the Eastern District of Kentucky.

last word on the proper construction of the statute, which change rendered what had been thought to be criminal within the ambit of the statute, no longer criminal." Clearly, Petitioner has not shown that he was unable to present his present claims on direct appeal or in a § 2255 proceeding, and in fact some of his pending claims were presented in those proceedings. As a result, Lucas' pending arguments for relief do not fall within the Dorsainvil exception. See Levan v. Sneizek, No. 08-4116, 2009 WL 997442, at *2 (3d Cir. April 15, 2009); Smith v. Snyder, 48 Fed. Appx. 109, 110-11 (6th Cir. 2002).

Since § 2255 is not inadequate or ineffective to test the legality of Petitioner's conviction, his § 2241 petition will be dismissed without prejudice.[4] This dismissal does not preclude Petitioner from seeking authorization from the Eighth Circuit Court of Appeals to file a successive § 2255 petition. An appropriate Order will enter.

/s/ Richard P. Conaboy
RICHARD P. CONABOY
United States District Judge

DATED: JUNE 24, 2015

---

[4] If Petitioner can show that he is seeking relief based upon a new rule of law applicable to his case and that said new rule applies retroactively to matters on collateral review, he may file a motion for reconsideration within fourteen (14) days of the date of this Order.